IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16-cv-00023-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| ALL TRANS TRANSMISSION, INC. and | ) | |
| MARK BULOVAS, SR., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## UNITED STATES' MOTION FOR DEFAULT JUDGMENT

The United States filed this suit to collect unpaid federal employment and unemployment taxes, penalties, and interest from All Trans Transmission Inc. ("All Trans") for tax periods ending between 2007 and 2015.  The United States also sought to enjoin All Trans and its sole owner and operator, Mark Bulovas, Sr. ("Bulovas"), from continuing to violate the internal revenue laws by failing to timely file tax returns and pay the reported liabilities.

All Trans and Bulovas (collectively, the "Defendants") were properly served with a summons and copy of the complaint, but failed to file an answer or other responsive pleading. Upon the United States' request, the Clerk of Court entered default against All Trans and Bulovas on May 20, 2016.  Docket No. 8.  Therefore, default judgment is now appropriate and should be entered against All Trans for its unpaid tax liabilities.  The Court should also enjoin the Defendants from continuing to violate the internal revenue laws.

## I.    Factual Background

All Trans has a long history of filing late employment tax returns and failing to make employment tax deposits required by law.  Specifically, as alleged in the Complaint, All Trans

has failed to make adequate employment tax deposits for 29 consecutive quarterly periods between 2007 and 2015.  Docket No. 1 ("Cplt.") ¶¶ 10, 15, and 20; Ex. A, Declaration of Suzanne Fawley ("Fawley Decl.") ¶ 5.  All Trans filed its employment tax return (Form 941) late with respect to each of these 29 consecutive quarterly periods.  Fawley Decl. ¶ 6.

As discussed in greater detail below, the Commissioner of Internal Revenue assessed federal employment and unemployment taxes, interest, and penalties against All Trans in connection with 29 tax periods between 2007 and 2015.  Cplt. ¶¶ 10, 15, and 20; Fawley Decl. ¶ 5.  Despite notice and demand for payment by the Internal Revenue Service of the foregoing federal tax liabilities, All Trans failed to pay the federal employment and unemployment taxes assessed against it.  Cplt. ¶¶ 11-13, 16-18, 21-23; Fawley Decl. ¶ 9.  As of July 20, 2015, All Trans owed $392,118.90 with respect to its unpaid federal employment and unemployment tax liabilities, interest, and penalties for tax periods ending between 2007 and 2015.  Cplt. ¶ 13; Fawley Decl. ¶ 9.

The Internal Revenue Service's attempts to administratively collect the unpaid taxes and encourage All Trans to comply with filing and withholding requirements have been unsuccessful.  *See* Fawley Decl. ¶¶ 17-18.  The Internal Revenue Service's efforts have included (i) conducting repeated in-person visits to the business; (ii) contacting All Trans and Bulovas by certified mail; (iii) filing notices of federal tax lien against the Defendants; (iv) levying all known sources of funds, including All Trans's bank accounts; and (iv) entering an installment agreement with All Trans, upon which All Trans defaulted.  *Id.*

The United States filed this case on January 19, 2016.  A copy of the summons and complaint was personally served on the Defendants March 10, 2016.  Docket No. 3, 4.  The Defendants were required to serve an answer to the complaint no later than March 31, 2016, but

failed to do so.  Fed. R. Civ. P. 12(a)(1)(A)(i); Docket No. 7.  At the United States' request, the

Clerk entered default against the defendant on May 20, 2016.  Docket No 8.

After the filing of the Complaint, Bulovas faxed two handwritten letters to counsel for the

United States showing that he is aware of the present suit and the entry of default against the

Defendants.  *See* Ex. C (letters from Bulovas).  In the first letter, dated May 9, 2016, Bulovas

stated that he was "seeking legal representation to help me understand my rights and what I need

to do to comply."  *Id.*  In the second letter, dated May 12, 2016, Bulovas stated that he had "no

intent to ignore" the United States' request for default but was "overwhelmed with my wife's

health issues (epilepsy)."  *Id.*  Neither letter raises a defense to the allegations of the Complaint.

In compliance with the Servicemembers Civil Relief Act of 2003, a search was conducted

and Mark Bulovas is not currently serving on active duty with the armed forces of the United

States.  *See* Ex. B.

## II.   Argument

By virtue of their failure to answer, the Defendants have admitted to the facts as alleged

in the Complaint.  *See* Fed. R. Civ. P. 8(b)(6).  After default has been entered, a party can request

a default judgment under Fed. R. Civ. P. 55(b).  In the Third Circuit, "whether to enter default

judgment is a matter within the discretion of the trial court."  *Tristrata Tech., Inc. v. Med. Skin*

*Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010) (citing *Hritz v. Woma Corp.,* 732

F.2d 1178, 1180 (3d. Cir.1984)).  Three factors control whether a default judgment should be

granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to

have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Id.*  A

delay is "culpable" when it is taken "willfully or in bad faith."  *Id.*  A defendant's delay in

answering is willful if the defendant knows of the lawsuit and the entry of default, but

nonetheless fails to answer. *Id.* (granting default where defendant knew of lawsuit and the entry of default against him, and engaged in informal communications with plaintiff's counsel, but did not file an answer or other response).

The letters from Bulovas indicate that as of May 2016, the Defendants were aware of the suit and their default. However, they have failed to file an answer or otherwise respond to the suit. Under these circumstances, the three factors set forth in *Tristrata Tech.* each weigh in favor of entering default against the Defendants and in favor of the United States. 270 F.R.D. at 164. First, if the motion for default judgment is denied, the United States will suffer prejudice due to the Defendants' failure to pay the unpaid assessments and failure to file its returns and pay over the withheld employment taxes. Second, the Defendants have raised no defense to the imposition of liability in this action. Third, defendants' delay is the result of "culpable conduct" because they knew of the lawsuit and the entry of default, yet did not file an answer or request for an extension to file, despite having more than seven months to do so.

Because the Defendants have not disputed the United States' allegations and the United States showed it is entitled to the relief it seeks, default judgment should be granted against All Trans on Counts I through III, and an injunction should be issued against All Trans and Bulovas pursuant to Count IV, as set forth below.

### A. Count I: Judgment Should Be Entered Against All Trans For Unpaid Employment (Form 941) Tax Assessments

On various dates, the IRS made assessments against All Trans of unpaid employment tax, penalties, and interest for 29 consecutive quarterly periods from the third quarter of 2007 to the first quarter of 2015, inclusive. Cplt. ¶¶ 10, 15, and 20; Fawley Decl. at ¶ 7. These assessments are entitled to a presumption of correctness, which All Trans has not rebutted. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *United States v. Green*, 201 F.3d 251, 253 (3d Cir.

4

2000) (internal citation omitted).  After the assessments were made, statutory interest accrued, and continues to accrue, on the assessments pursuant to law.  As of July 20, 2015, All Trans owed $368,207.85 for the assessments for the 29 consecutive quarterly periods described above, including accrued but unassessed interest.  Cplt. ¶ 13; Fawley Decl., ¶ 9.  Accordingly, a default judgment should now be entered under Fed. R. Civ. P. 55(b) against All Trans in the amount of $368,207.85 as of July 20, 2015, plus interest that has accrued and will continue to accrue after that date according to law.

> **B.** **Count II:  Judgment Should Be Entered Against All Trans For Unpaid Unemployment (Form 940) Tax Assessments.**

On various dates, the IRS made assessments against All Trans for unpaid unemployment tax, penalties, and interest for the tax period ending December 31, 2010.  Cplt. ¶ 15; Fawley Decl. ¶ 10. These assessments are entitled to a presumption of correctness, which All Trans has not rebutted.  *Fior D'Italia, Inc.*, 536 U.S. at 242; *Green*, 201 F.3d at 253.  After the assessments were made, statutory interest accrued, and continues to accrue, on the assessments pursuant to law.  As of July 20, 2015, All Trans owed $7,299.37 for the unpaid assessments relating to the 2010 tax year, including accrued but unassessed interest.  *See* Fawley Decl., ¶ 12.  Accordingly, a default judgment should now be entered under Fed. R. Civ. P. 55(b) against All Trans in the amount of $7,299.37 as of July 20, 2015, plus interest that has accrued and will continue to accrue after that date according to law.

> **C.** **Count III:  Judgment Should Be Entered Against All Trans For Unpaid Civil Penalty Assessments**

On various dates, the Commissioner of Internal Revenue assessed civil penalties against All Trans under 26 U.S.C. § 6721, along with statutory interest on penalties on such assessments, for its failure to file form W-2 wage and tax statements with the IRS.  Cplt. ¶ Fawley Decl. ¶ 20.  These assessments are entitled to a presumption of correctness, which All

Trans has not rebutted.  *Fior D'Italia, Inc.*, 536 U.S. at 242; *Green*, 201 F.3d at 253.  After the assessments were made, statutory interest accrued, and continues to accrue, on the assessments pursuant to law.  As of July 20, 2015, All Trans owed $16,611.68 for the unpaid assessments, including accrued but unassessed interest.  Cplt. ¶ 23; Fawley Decl., ¶ 16.  Accordingly, a default judgment should now be entered under Fed. R. Civ. P. 55(b) against All Trans in the amount of $16,611.68 as of July 20, 2015, plus interest that has accrued and will continue to accrue after that date according to law.

      **D.**      **Count IV:  An Injunction is Appropriate under Section 7402**

Section 7402(a) grants district courts broad authority to issue "writs and orders of injunction … and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."  26 U.S.C. § 7402.  An injunction under section 7402 can be entered "in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws."  26 U.S.C. § 7402(a).  Section 7402 manifests the "Congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws."  *Brody v. United States*, 243 F.2d 378, 384 (1st Cir. 1957).

Courts frequently enter injunctions pursuant to 26 U.S.C. § 7402 requiring taxpayers to comply on a going-forward basis with filing and withholding requirements of the internal revenue code.  *See, e.g., United States v. Chel-C Ventures, Inc., d/b/a Donut Connection*, 117 A.F.T.R.2d 2016-642 at *1 (D. Del. 2016) (enjoining defendant pursuant to § 7402 to make timely employment tax filings and withholdings); *United States v. Baker Funeral Home, Ltd.*, 118 A.F.T.R.2d 2016-5311 at *3 (E.D. Pa. 2016) (same); *see also United States v. Thompson*, 395 F. Supp.2d 941, 945-46 (E.D. Cal. 2005) (issuing injunction under section 7402(a) requiring defendant to comply with filing and withholding requirements).

*Statutory Requirements*

An injunction in this case is "necessary or appropriate for the enforcement of the internal revenue laws."  26 U.S.C. § 7402(a).  Sections 3102, 3111, 3301 and 3402 of the Internal Revenue Code (26 U.S.C.) require employers such as All Trans to withhold federal income and Federal Insurance Contributions Act (FICA) taxes from their employees' wages, and to pay over those withholdings, along with the employer's own FICA and Federal Unemployment Tax Act (FUTA) taxes, to the Internal Revenue Service.  Similarly, Section 6011 of the Internal Revenue Code and Treas. Reg. § 31.6701(a)-1 require employers to file Employer's Quarterly Federal Tax Returns (IRS Forms 941) on at least a quarterly basis, and to file Employer's Annual Federal Unemployment (FUTA) Tax Returns (IRS Forms 940), with the Internal Revenue Service on an annual basis.

Here, All Trans and Bulovas substantially interfered with the internal revenue laws by continually accruing employment and unemployment tax liabilities and then failing to file any of the required tax returns or pay the taxes due.  An injunction ordering the defendants to comply with their federal tax obligations is necessary and appropriate for the enforcement of the internal revenue laws.

*Traditional Equitable Factors*

The Third Circuit has not determined whether the traditional equitable factors used in other injunction contexts must be weighed in cases brought under 26 U.S.C. § 7402(a).  However, at least two other courts in this circuit have so held.  *See United States v. Bell*, 238 F.Supp.2d 696 (M.D. Pa. 2003) (applying equitable factors in injunction under related code provision 26 U.S.C. §§ 7407); *United States v. James*, 2011 WL 1422894 (E.D. Pa. April 12, 2011) (same); *contra, United States v. Renfrow*, 612 F. Supp.2d 677 (E.D.N.C. 2009) (holding

that traditional equitable factors need not be applied in cases brought under section 7402(a)). The equitable factors are (1) success on the merits of the claims; (2) whether the government will be irreparably injured without an injunction; (3) the extent of harm to the enjoined party if the injunction is issued; and (4) the effect on the public interest. *Bell*, 414 F.3d at 478 n. 4. Assuming (without conceding) that these traditional equitable factors apply, each favors the entry of an injunction.

First, the United States has shown success on the merits of its claims, as discussed in sections II.A-C above.

Second, the government will be irreparably injured without an injunction because the Defendants will continue to accrue ever-increasing amounts of unpaid tax liability.  The United States lacks an adequate remedy at law to compel Defendants to comply with the internal revenue laws, as evidenced by the Defendants' continual failure to comply despite the administrative actions described above in Section I.  In the absence of an injunction, defendants will continue to "pyramid" employment tax obligations.  Competing businesses that comply with the internal revenue laws will continue to be placed at a competitive disadvantage as compared to All Trans, thus further reducing the amount of tax revenue collected by the United States.

As of July 20, 2015, the Defendants have deprived the United States of $392,118.90, an amount that continues to rise with each passing quarter.  They should not be allowed to continue on the present path of converting the government's tax revenue to operate All Trans.

In addition to lost tax revenue, the United States is being harmed because it is being required to devote considerable resources to the tasks of persuading the Defendants to comply with the tax laws, and attempting to collect the federal taxes that should have been deposited.

Third, the Defendants suffer no harm from the issuance of the requested injunction.  If the Court issues the injunction, the Defendants will not be harmed because they will merely be required to obey the internal revenue laws—the same laws with which competing businesses comply.

Fourth and finally, an injunction would serve the public interest.  The tax system relies on employers to collect employment and unemployment taxes and to pay those taxes over to the United States.  All Trans, and Bulovas as its sole owner and operator, undermine this system by continuing to pyramid his tax liabilities.  Enjoining the defendant will protect the public's interest in the fair administration of the internal revenue laws and in fair competition by halting his wrongful practices.  By not paying the employment and unemployment taxes, All Trans business has a competitive advantage over other similar businesses that do pay those taxes. Absent an injunction, the Defendants are likely to continue to interfere with the enforcement of the internal revenue laws by pyramiding tax liabilities to the detriment of the United States.

### Conclusion

For the foregoing reasons, the United States' motion for default judgment should be granted.

DATED: October 24, 2016

Respectfully Submitted,

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

*/s/ Nelson Wagner*
NELSON WAGNER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-616-3369 (v)
202-514-6866 (f)
nelson.wagner@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties registered to receive electronic filings in this matter.  I further certify that on October 24, 2016, I caused a copy of the foregoing document to be mailed first class via U.S. Mail to the following parties:

**All Trans Transmission, Inc.**
18 Albe Dr., Suite F
Newark, DE 19702

**Mark Bulovas, Sr.**
606 Dorso Dr.
Newark, DE 19711

*/s/ Nelson Wagner*
NELSON WAGNER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-616-3369 (v)
202-514-6866 (f)
nelson.wagner@usdoj.gov