IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:16-cv-00023-SLR |
| ) | |
| v. ) | |
| ) | |
| ALL TRANS TRANSMISSION, INC. and ) | |
| MARK BULOVAS, SR., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION**

The plaintiff, the United States of America, commenced this civil action on January 19, 2016, pursuant to 26 U.S.C. § 7402(a), to collect federal employment and unemployment taxes, penalties, and statutory interest assessed against the defendant taxpayer, All Trans Transmission Inc. ("All Trans") and to permanently enjoin All Trans and its sole owner and operator, Mark Bulovas (together, the "Defendants") from further violating and interfering with the administration of the internal revenue laws, including compelling the Defendants to: (1) timely make federal tax deposits of FUTA, FICA and withholding tax liabilities in accordance with federal deposit regulations; (2) Provide reports of those deposits to the Internal Revenue Service; (3) timely file all employment and unemployment tax returns (Forms 940 and 941); (4) timely pay all tax liabilities due on each return; (5) be prohibited from assigning any property or making disbursements after the date of the injunction until amounts required to be withheld from wages after the date of injunction are paid to the Service; and (6) notify the Service of future employment tax conduct with respect to any new or presently unknown company, and of any

future businesses he owns, manages, or works for in the five years following the Court's entry of permanent injunction.  Docket No. 1 ("Cplt.") at ¶¶ G-L.

The Defendants failed to file an answer or otherwise defend in this action, and the Clerk entered the default of the Defendants on May 20, 2016.  Docket No. 8.  The United States has now moved for the entry of a default judgment against All Trans for the total amount of the federal employment and unemployment taxes, penalties, and interest owed by it as of July 20, 2015, as alleged in Counts I – III of the Complaint, along with a permanent injunction against All Trans and Bulovas as requested in Count IV of the Complaint.

The Court, having considered the United States' motion for a default judgment with respect to the defendant's unpaid federal tax liabilities, and for the entry of a permanent injunction under 26 U.S.C. § 7402(a), the Declarations of Revenue Officer Suzanne Fawley, and the entire record in this matter, hereby **GRANTS** the United States' motion, and **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is an action by the United States instituted under section 7402(a) of the Internal Revenue Code (26 U.S.C.).  The complaint seeks both legal and equitable relief in connection with the alleged failure of All Trans to collect and pay over to the United States the federal income and Federal Insurance Contributions Act (FICA) taxes that the defendant was required to withhold from the wages paid to the employees of his sole proprietorship, and to deposit those funds, along with the employer's share of FICA  taxes and Federal Unemployment Tax Act (FUTA) taxes, in an appropriate  federal depository institution.

This Court has jurisdiction over the subject matter of this case and over the Defendants pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

The Defendants have been properly served with the summons and complaint in this action as required by Fed. R. Civ. P. 4.

The Defendants have failed to answer or otherwise defend in this action. The Clerk of the Court properly entered the default of the Defendants on May 20, 2016.

Because of the Defendants' default, the allegations in the complaint filed in this action are taken as true.

### *Employment Tax Assessments (Count I):*

As alleged in Count I of the complaint, the IRS made assessments against All Trans of unpaid employment tax, penalties, and interest for 29 consecutive quarterly periods from the third quarter of 2007 to the first quarter of 2015, inclusive. Cplt. ¶¶ 10, 15, and 20; Fawley Decl. at ¶ 7. These assessments are entitled to a presumption of correctness, which All Trans has not rebutted. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *United States v. Green*, 201 F.3d 251, 253 (3d Cir. 2000) (internal citation omitted). After the assessments were made, statutory interest accrued, and continues to accrue, on the assessments pursuant to law.

Despite notice and demand for payment by the Internal Revenue Service of the foregoing federal tax liabilities, All Trans failed to pay the federal employment tax assessments. As a result, the Court has determined that as of July 20, 2015, All Trans is indebted to the United States for unpaid federal employment taxes in the total amount of $368,207.85 for the tax periods and in the amounts indicated below:

| Tax Period | Assessment Dates | Unpaid Balance as of July 20, 2015 |
|---|---|---|
| Third Quarter 2007 | 7/21/2008<br>11/3/2008<br>11/10/2014 | $15,993.13 |
| First Quarter 2008 | 7/7/2008<br>8/11/2008<br>11/10/2014 | $21,359.20 |
| Second Quarter 2008 | 12/1/2008<br>1/5/2009<br>2/16/2009<br>11/10/2014 | $24,296.44 |
| Third Quarter 2008 | 2/21/2011<br>3/28/2011<br>3/4/2013 | $27,589.58 |
| Fourth Quarter 2008 | 2/21/2011<br>3/28/2011 | $24,801.73 |
| First Quarter 2009 | 2/28/2011<br>4/4/2011 | $15,726.29 |
| Second Quarter 2009 | 2/28/2011<br>4/4/2011 | $17,009.36 |
| Third Quarter 2009 | 2/28/2011<br>4/4/2011 | $17,501.11 |
| Fourth Quarter 2009 | 2/21/2011<br>3/28/2011 | $20,142.45 |
| First Quarter 2010 | 2/21/2011<br>3/28/2011 | $24,505.64 |
| Second Quarter 2010 | 2/21/2011<br>3/28/2011 | $7,923.35 |
| Fourth Quarter 2010 | 4/9/2012<br>11/11/2013<br>11/10/2014 | $19,759.37 |
| First Quarter 2011 | 3/26/2012<br>5/21/2012<br>11/11/2013<br>11/10/2014 | $12,331.75 |
| Second Quarter 2011 | 3/26/2012<br>4/30/2012<br>11/11/2013<br>11/10/2014 | $5,931.90 |
| Third Quarter 2011 | 4/2/2012<br>5/7/2012<br>6/11/2012<br>11/11/2013<br>11/10/2014 | $7,781.88 |

| | | |
|---|---|---|
| Fourth Quarter 2011 | 4/16/2012<br>7/30/2012<br>11/11/2013<br>11/10/2014 | $13,386.32 |
| First Quarter 2012 | 9/10/2012<br>10/15/2012<br>11/11/2013<br>11/10/2014 | $10,434.48 |
| Second Quarter 2012 | 10/1/2012<br>11/5/2012<br>11/11/2013<br>11/10/2014 | $3,712.74 |
| Third Quarter 2012 | 2/25/2013<br>4/15/2013<br>6/11/2012<br>11/11/2013<br>11/10/2014 | $1,150.50 |
| Fourth Quarter 2012 | 4/8/2013<br>5/13/2013<br>5/27/2013 | $13,835.17 |
| First Quarter 2013 | 7/8/2013<br>8/12/2013<br>9/9/2013 | $3,034.55 |
| Second Quarter 2013 | 10/7/2013<br>11/11/2013<br>12/2/2013<br>11/10/2014 | $5,198.04 |
| Third Quarter 2013 | 1/6/2014<br>2/10/2014<br>3/17/2014 | $3,144.64 |
| Fourth Quarter 2013 | 3/31/2014<br>5/5/2014<br>6/2/2014 | $5,490.01 |
| First Quarter 2014 | 7/7/2014<br>8/11/2014<br>9/22/2014 | $9,018.86 |
| Second Quarter 2014 | 9/29/2014<br>11/3/2014<br>12/22/2014 | $11,274.64 |
| Third Quarter 2014 | 12/22/2014<br>2/9/2015<br>4/13/2015 | $11,588.70 |

| Fourth Quarter 2014 | 4/16/2015<br>5/11/2015 | $9,434.30 |
|---|---|---|
| First Quarter 2015 | 6/29/2015 | $4,851.72 |
| | **TOTAL** | **$368,207.85** |

Declaration of Revenue Officer Suzanne Fawley, ¶ 7.

**IT IS FURTHER ORDERED** that a default judgment shall be entered by separate document against All Trans for the unpaid federal employment taxes and statutory additions to tax in the amount of $368,207.85 as of July 20, 2015, plus statutory interest according to law after that date until paid.

*Unemployment Tax Assessments (Count II):*

As alleged in Count II of the complaint, the IRS made assessments against All Trans of unpaid unemployment tax, penalties, and interest for the tax period ending December 31, 2010. Cplt. ¶¶ 15; Fawley Decl. at ¶ 10.  These assessments are entitled to a presumption of correctness, which All Trans has not rebutted.  After the assessments were made, statutory interest accrued, and continues to accrue, on the assessments pursuant to law.

Despite notice and demand for payment by the Internal Revenue Service of the foregoing federal tax liabilities, All Trans failed to pay the federal unemployment tax assessments.  As a result, the Court has determined that as of July 20, 2015, All Trans is indebted to the United States for unpaid federal unemployment taxes in the total amount of $7,299.37 for the tax periods and in the amounts indicated below:

| Tax Period | Assessment Dates | Unpaid Balance as of July 20, 2015 |
|---|---|---|
| 2010 | 5/14/2012<br>6/18/2012<br>7/2/2012<br>11/11/2013<br>11/10/2014 | $7,299.37 |
| | **TOTAL** | **$7,299.37** |

Declaration of Revenue Officer Suzanne Fawley, ¶ 10.

**IT IS FURTHER ORDERED** that a default judgment shall be entered by separate document against All Trans for the unpaid federal unemployment taxes and statutory additions to tax in the amount of $7,299.37 as of July 20, 2015, plus statutory interest according to law after that date until paid.

*Civil Penalty for Failure to Timely File Form W-2 (Count III):*

As alleged in Count III of the complaint, the IRS made assessments against All Trans for a federal civil penalty, and statutory additions thereto, pursuant to 26 U.S.C. § 6721 for intentional disregard and failure to file W-2's. Cplt. ¶¶ 20; Fawley Decl. at ¶ 13. These assessments are entitled to a presumption of correctness, which All Trans has not rebutted. After the assessments were made, statutory interest accrued, and continues to accrue, on the assessments pursuant to law.

Despite notice and demand for payment by the Internal Revenue Service of the foregoing assessments, All Trans failed to pay the federal civil penalty assessments. As a result, the Court has determined that as of July 20, 2015, All Trans is indebted to the United States for a federal civil penalty pursuant to 26 U.S.C. § 6721 in the total amount of $16,611.68, for the assessments listed below:

| Tax Period | Assessment Dates | Unpaid Balance as of July 20, 2015 |
|---|---|---|
| 2009 | 8/27/2012<br>11/12/2012<br>11/10/2014 | $16,611.68 |
| | **TOTAL** | **$16,611.68** |

Declaration of Revenue Officer Suzanne Fawley, ¶ 20.

**IT IS FURTHER ORDERED** that a default judgment shall be entered by separate document against All Trans for the unpaid federal civil penalty assessment in the amount of $16,611.68 as of July 20, 2015, plus statutory interest according to law after that date until paid.

*Injunction (Count IV):*

Under 26 U.S.C. § 7402(a), the district courts are authorized to issue injunctions as may be necessary and appropriate for enforcement of the internal revenue laws.  See United States v. Ernst & Whinney, 735 F.2d 1296, 1300-01 (11th Cir. 1984), cert. denied, 470 U.S. 1050 (1985); United States v. Hart, 701 F.2d 749, 750 (8th Cir. 1983); United States v. Ekblad, 732 F.2d 562, 563 (7th Cir. 1984).

Sections 3102, 3111, 3301 and 3402 of the Internal Revenue Code (26 U.S.C.) require employers such as All Trans to withhold federal income and Federal Insurance Contributions Act (FICA) taxes from their employees' wages, and to pay over those withholdings, along with the employer's own FICA and Federal Unemployment Tax Act (FUTA) taxes, to the Internal Revenue Service.

Section 6011 of the Internal Revenue Code and Treas. Reg. § 31.6701(a)-1 require employers to file Employer's Quarterly Federal Tax Returns (IRS Forms 941) on at least a quarterly basis, and to file Employer's Annual Federal Unemployment (FUTA) Tax Returns (IRS Forms 940), with the Internal Revenue Service on an annual basis.

The Defendants have interfered with the proper administration of the internal revenue laws by:

    (a)    Failing to make adequate employment tax deposits for twenty nine consecutive quarterly periods between 2007 and 2015;

    (b)    Filing its employment tax return (Form 941) late with respect to each of these twenty nine consecutive quarterly periods;

    (c)    Failing to file a federal unemployment tax (Form 940) return on a timely basis for the 2010 tax year;

    (d)    Failing to pay federal unemployment tax when due with respect to the 2010 tax year;

    (e)    Failing to timely file Form W-2 and failing to pay the civil penalty assessments against it pursuant to 26 U.S.C. § 6721 based on its failure to file Form W-2; and

    (f)    Requiring the Internal Revenue Service to expend considerable resources in its efforts to collect the assessments described above and induce the Defendants to comply with the internal revenue laws.

Code section 7402(a) affords the district courts broad discretion in procedural matters relating to the enforcement of the tax laws. *United States v. Asay*, 614 F.2d 655, 661-62 (9th Cir. 1980). *See United States v. Thompson*, 395 F. Supp.2d 941, 945-46 (E.D. Cal. 2005) (finding that an injunction is appropriate for the enforcement of the internal revenue laws, when ordering an injunction under section 7402(a)).

The Third Circuit has not determined whether the equitable factors must be weighed in cases brought under 26 U.S.C. § 7402(a). At least two other courts in this circuit have so held.

*See United States v. Bell*, 238 F.Supp.2d 696 (M.D. Pa. 2003) (applying equitable factors in injunction under related code provision 26 U.S.C. §§ 7407); *United States v. James*, 2011 WL 1422894 (E.D. Pa. April 12, 2011) (same); *contra, United States v. Renfrow*, 612 F. Supp.2d 677 (E.D.N.C. 2009) (holding that traditional equitable factors need not be applied in cases brought under section 7402(a)).

In this case, even when the traditional equity factors are considered, a permanent injunction is necessary and appropriate under section 7402(a) because the Defendants have violated and continue to violate the tax laws by refusing to withhold and deposit the taxes and comply with the filing requirements that apply to employers.  An injunction is necessary to prevent future violations of the law, as the Internal Revenue Service's attempts to bring All Trans into compliance have been unsuccessful.

The United States lacks an adequate remedy at law to compel the defendants to comply with the internal revenue laws, as evidenced by their continued failure to pay over the withheld federal employment taxes, along with the employer's share of FICA and FUTA taxes, to the Internal Revenue Service.

The United States would suffer irreparable injury in the absence of an injunction if All Trans, and Bulovas as its sole owner and operator, were allowed to continue to refuse to pay over to the IRS the lawful tax revenues due the government.  "[T]axes are the lifeblood of government, and their prompt and certain availability an imperious need." *Bull v. United States*, 295 U.S. 247, 259 (1935).  When statutory interest and penalties are taken into consideration, the defendant has deprived the United States of more than $392,118.90.  The Defendants should not be allowed to continue on their present path of using the government's tax monies to operate All Trans.

Additionally, the United States is being harmed because it is being required to devote considerable IRS resources to the tasks of persuading the defendant to comply with the tax laws, and attempting to collect the federal taxes that should have been deposited.

The defendants suffer no harm by the issuance of an injunction. If an injunction issues, the Defendants will merely be required to obey the same laws as other employers.

Finally, an injunction would serve the public interest. The tax system relies on employers to collect employment and unemployment taxes and to pay those taxes over to the United States. The Defendants undermine this system by continuing to accrue or "pyramid" tax liabilities. Enjoining the Defendants will protect the public's interest in the fair administration of the internal revenue laws and in fair competition by halting his wrongful practices.

Accordingly, it is adjudged, determined and decreed that the Defendants have engaged and are engaging in conduct that interferes with the administration of the internal revenue laws, and that injunctive relief under Code section 7402(a) and the Court's inherent equity powers is necessary and appropriate to stop that conduct.

**IT IS FURTHER ORDERED** that this injunction is issued to prevent the Defendants from further accruing or "pyramiding" employment and unemployment tax liabilities by accruing such liabilities beyond the defendant's ability to pay over the liabilities as they become due.

This injunction order authorizes enforceable injunctive relief and, if any provision of this permanent injunction is violated, the injunction can be enforced through the mechanisms set forth below.

An injunction shall issue as follows from the date of this Order:

    a.  <u>Parties Covered by Injunction</u>:  This injunction binds All Trans Transmission, Inc. and Mark Bulovas, Sr. (the "Defendants"), as well as the agents, employees, and all persons acting in concert or participation with the Defendants.

    b.  <u>Withholding Requirement</u>:   Bulovas shall cause All Trans to withhold federal income and FICA taxes from the wages of the defendant's employees when those wages are paid, shall keep the withheld funds in a bank account separate from any operating account or other accounts, and shall pay the withheld taxes to the Internal Revenue Service as they become due and payable.

    c.  <u>Deposit Requirements</u>:  In accordance with federal deposit regulations, Bulovas shall cause All Trans to make timely deposits of withheld federal income and FICA taxes, the defendant employer's share of FICA, and Federal Unemployment Tax Act (FUTA) taxes, in an appropriate federal depository bank each quarter, in accordance with the federal deposit regulations.

    d.  <u>Reporting Requirements</u>:  Bulovas shall cause All Trans to provide reports of all deposits made pursuant to paragraph (c) to the Internal Revenue Service at 1532 Marrows Rd., Newark, DE 19711 (Attn: Sue Fawley, Revenue Officer), or at such other locations as the Service may deem appropriate, no later than the 20th day of each month;

    e.  <u>Return Requirements</u>:   Bulovas shall cause All Trans to timely file with the IRS all of its employment (Form 941) and unemployment (Form 940) tax returns.  Each return shall be considered to be timely filed if it is filed before the date it is due or within three days after the return is due.  The defendant shall pay any balance due on those returns upon filing.  Within 30 days of this order, file all delinquent employment, unemployment, and income tax returns.

    f. <u>Transfer Prohibition</u>:  The Defendants are prohibited after the date of this permanent injunction from assigning any property or making any disbursements until all income taxes and FICA taxes required to be withheld from employees' wages (together with the employer's liability for FICA taxes and FUTA taxes) are in fact paid to the IRS.

    g. <u>Notification of New Business</u>:  For the next five years, Bulovas shall notify the Internal Revenue Service at the address specified in paragraph d, above, of any new or presently operating company or entity with which the defendant becomes involved in relation to federal employment tax withholding, depositing, or reporting and shall also inform the IRS if the defendant assumes a new name or transfers his employees or business operations to another entity.  The defendant shall notify the Internal Revenue Service within 10 days after the aforementioned actions.

    h. <u>Failure to Comply</u>:  If anyone subject to this injunction violates any part of this injunction, the following enforcement mechanisms may be taken:

      i. the IRS may seize the business property of All Trans and may sell the seized property to satisfy the outstanding tax liabilities of All Trans; and

      ii. the Court may find the Defendants to be in civil or criminal contempt of this Court and punish the violator with a fine, incarceration, or both.

    i. <u>Enforcement of Injunction</u>:  The United States shall be permitted to issue discovery requests during the pendency of the injunction to assure that the Defendants are in compliance with the injunction.  The Court shall retain jurisdiction of this action for the purposes of implementing and enforcing this injunction and entering all additional decrees and orders necessary and appropriate for the public interest.

    j. <u>Notice to Employees:</u> Bulovas shall deliver to all current employees of All Trans a copy of this permanent Injunction Order.

    k. <u>Notice to Defendants:</u> The United States may provide notice of the entry of this permanent injunction under Fed. R. Civ. P. 65 by mailing a true and correct copy thereof by certified or registered mail to each of the defendants, All Trans Transmission, Inc., and Mark Bulovas, Sr.

 The Clerk of Court is instructed to enter judgment against the Defendants and in favor of the United States consistent with this Order.

 DONE and ORDERED this \_\_\_\_\_ day of _____, 2016

         FOR THE COURT:

         _____
         UNITED STATES DISTRICT JUDGE